Ross *v.* Helton.

In a suit brought upon the common count for goods sold, the parties, during the pendency of the action, entered into a written agreement, which was made a rule of Court, by their consent, by which the cause was submitted to *A., B.,* and *C.* for their *award,* or the *award* of any two of them, &c., and said *arbitrators* after being duly sworn, should investigate and report to the Court, &c., the result of their investigation of all accounts in issue between the parties, &c. *Held,* that this was a "reference," under the R. S. 1843.

An objection that a report of referees was filed in vacation and not in open Court, must have been made before the Court below, or it will not be noticed on error.

ERROR to the *Lawrence* Circuit Court.

Roache, J.—*Ross* recovered a judgment for 82 dollars against *Helton,* by default, before a justice of the peace, in an action of assumpsit. The case was taken by appeal to the Circuit Court. At the first term, the plaintiff filed a formal declaration containing the common counts for goods sold. The defendant pleaded non assumpsit, payment, and the statute of limitations. At this stage of the proceedings, the parties entered into the following agreement:

"It is agreed between the parties aforesaid that a cause now pending in the *Lawrence* Circuit Court, in which *James Ross* is plaintiff and *Andrew Helton* is defendant, shall be referred to *Joseph Henderson, James H. Anderson,* and *Josephus Hostetter,* for their award herein, or the award of any two of them; and said arbitrators, or any two of them, shall meet at such time as may be agreed on, and at *Heltonsville,* of which time and place each party shall have three days' notice, unless the time is agreed on; and said arbitrators, after being duly sworn, shall investigate and report to this Court, at its next term, the result of their investigation of all accounts now in issue between the said parties, as appears from the pleading in the cause; and to that end may cause to come before them such witnesses as either party may desire, and them

to examine on oath in relation to said accounts. (Signed) *James Ross, Andrew Helton.*"

This agreement was thereupon made a rule of Court, by the consent of the parties, and entered of record accordingly.

At the next term of the Court, both parties appeared, and the award or report, signed by the three individuals named in the rule, having been filed in vacation, on motion was duly entered of record.

The award or report was a general finding of the matters in dispute, in favor of the defendant, and taxed the costs against the plaintiff.

A rule was taken against *Helton*, to show cause why judgment should not be rendered against him on the report.

Cause was shown by filing exceptions. The Court, after hearing all the evidence produced by the parties, overruled the exceptions, and rendered a final judgment in accordance with the report.

But one error is complained of here.

The plaintiff in error insists that the Court was mistaken in assuming this to be the case of a "rule of reference" for a report, when it was, in fact, "a submission to arbitrators" for an award; and that being an award, no judgment could be rendered upon it, because some of the formalities prescribed by the statute relative to arbitrations, had not been complied with.

It is unnecessary to examine whether there is any material difference, under our statute, between an "arbitration" and a "reference;" for the agreement and the rule of Court which followed it, possessed, substantially, all the characteristics of a "reference." See ss. 22, 23, 24 and 25, c. 45, R. S. 1843. It was "in a suit pending in Court, where the parties had accounts to produce," and it "referred the investigation of all accounts in issue between the parties," "by rule of Court," to the three individuals "mutually chosen by them, in open Court." These were the substantial and effective parts of the agreement and rule, and must decide their

character. The employment of the words "award" and "arbitrator," cannot vary the legal construction of the rule. See *Cones* v. *Vanosdol, ante,* p. 248.

The plaintiff also insists, that conceding this to have been a "reference," the Court still erred, because the record shows that it had been filed in vacation, and not in open Court, as required by the agreement of the parties. This objection was not made below, and is now started here for the first time. It is too late. The plaintiff was present in Court when the report was ordered to be entered of record. He could then have interposed the objection, and opposed its being entered. If made then, the other party might have had it in his power to procure the attendance of the referees, and have had the report filed in open Court, in formal compliance with the terms of the agreement.

Having failed to raise the objection at the proper time, he must be regarded as having waived it.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Watts,* for the plaintiff.

*G. G. Dunn,* for the defendant.